[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR95-165310.
Gerald Gore. Esq., Defense Counsel for Petitioner.
James Clark. Esq., Assistant State's Attorney, for the State.
Sentence affirmed
BY THE DIVISION:
The petitioner was convicted after a trial by jury of Larceny 1st degree and sentenced to a term of 15 years ESA 7 years, probation 5 years.
The petitioner had applied for city welfare in Hartford on May 10, 1993 and received general assistance ($300.00) a month and full benefits until September 30, 1993. He presented Hartford welfare workers with identification papers bearing the name Anthony Oliphant and provided a Hartford address.
On July 23, 1993, while receiving Hartford welfare, the petitioner applied for Meriden city welfare using the name Jerome Martin. He provided identification papers bearing the name Jerome Martin; he provided a Meriden address; and told Meriden welfare workers that he had no other income despite his status as a Hartford welfare recipient. The petitioner was found eligible for $300.00 a month and full medical benefits from the Meriden welfare from July 23, 1993 until December 27, 1994.
In Hartford, the petitioner was terminated from city welfare on September 30, 1993 for failure to follow his case plan. On November 25, 1993, the defendant again applied for and was granted Hartford city welfare assistance. He again used the name Anthony Oliphant. He failed to inform Hartford welfare workers that he was currently receiving Meriden city welfare assistance under the name Jerome Martin, and in fact told them he had no other income. He again received $300.00 per month with full medical benefits.
In addition, the petitioner while receiving Meriden welfare applied on September 23, 1994 to Soldiers, Sailors and Marines Fund for benefits. He used the name Jerome Martin. He told them that he received no other income. He received from this fund $100.00 per week from September 23, 1994 to November 26, 1994.
There was evidence presented at trial that included the death certificate of Jerome Martin who resided in Hartford until his death in April 1990. The petitioner received $5,518.46 from the City of Meriden Welfare Department; $3,136.73 from the Hartford City Welfare Department; and $900.00 from the Soldiers, Sailors and Marines Fund. CT Page 6986
The petitioner's counsel argues that his sentence was excessive for the crime of welfare fraud. The petitioner further argued that he was bothered by his relationship with the trial judge because he claimed the judge harbored animosity toward him. The Court refused to grant the disqualification. The petitioner then elected to represent himself and waived his right to counsel.
The petitioner argued that he was deprived justice because of the length of time that passed before he came to Sentence Review. He then asks the panel to consider the positive issues in his life. Finally, the petitioner testified and asked the Review panel for consideration based upon his drug dependency and requests mercy from the Court.
The State argued that the petitioner's prior sentence had been run concurrently by the Court. The State further indicated that the petitioner is eligible for parole.
The petitioner has a criminal record that dates back to 1987. His prior history includes numerous larcenies, violations of probation, failures to appears and other criminal convictions.
The petitioner attempts to minimize the severity of the offense because it was welfare fraud. The reality is that he was convicted of larceny in the 1st degree after a jury trial. The offense itself is serious, and the petitioner's criminal history is long and serious. The trial court took all these factors into consideration when articulating the petitioner's sentence.
Reviewing this sentence pursuant to § 43-28 of the Practice Book, the Review Division does not find it to be excessive or disproportionate so as to require modification. It is affirmed.
Iannotti, J.
Norko, J.
Klaczak, J.
Iannotti, Norko, and Klaczak, J.s, participated in the decision.